UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
STEVEN LOBAIDO,

                Plaintiff,

        - against -

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                Defendant.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
19-CV-340 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Steven Lobaido commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Disability Insurance Benefits ("DIB"). On March 31, 2020, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the Commissioner's decision for further consideration. Now before the Court is the motion of Plaintiff's attorneys, Christopher J. Bowes and David Kuznicki (collectively, "Counsel"), for approval of attorneys' fees under 42 U.S.C. § 406(b), in the amount of $17,634, to be paid to Kuznicki.[1] The Court grants Counsel's request in part, denies it in part, and awards Counsel $15,500 in attorneys' fees.

---

[1] The Court has directed that the fees be paid to Mr. Kuznicki because, as discussed below, he is the attorney who entered into the fee agreement with Plaintiff. (*See* Dkt. 23, at ECF 12.) Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**BACKGROUND**

**I.     Underlying Litigation**

On October 20, 2015, Plaintiff filed an application with the SSA for DIB in which he alleged he had been disabled as of October 15, 2015. (Administrative Transcript ("Tr."[2]), Dkt. 6, at 14, 152–53.) His application was denied. (*Id*. at 62–69.) Plaintiff requested a hearing (*id.* at 70–71) and appeared before Administrative Law Judge Hilton R. Miller (the "ALJ") on March 27, 2015 (*id.* at 27–60). In a decision dated May 2, 2018, the ALJ determined that Plaintiff was not disabled and therefore not entitled to DIB. (*Id.* at 11–23.) The ALJ's decision became final on December 19, 2018 when the Appeals Council of the SSA's Office of Disability Adjudication and Review denied Plaintiff's request for review of the ALJ's decision. (*Id.* at 1–6.)

On January 4, 2019, Plaintiff retained Kuznicki to represent him in his appeal of the ALJ's decision in "Federal Court." (*See* Dkt. 23, at ECF 2.) Plaintiff and Kuznicki signed a fee agreement specifying that Plaintiff would pay Kuznicki 25% of the past due benefits payable to Plaintiff should he prevail in Federal Court. (*Id.*) Bowes then joined Kuznicki as co-counsel on the case. (*Id.*)

On January 17, 2019, Plaintiff timely commenced this action. (*See* Complaint, Dkt. 1; Memorandum & Order ("M&O"), Dkt. 17, at 2 n.2 (explaining timeliness).) On July 17, 2019, Plaintiff moved for judgment on the pleadings. (*See* Dkts. 11, 12.) The Commissioner filed a cross-motion for judgment on the pleadings on September 16, 2019. (*See* Dkts. 13, 14, 15.) On

---

[2] Page references prefaced by "Tr." refer to the continuous pagination of the Administrative Transcript and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

March 31, 2020, the Court denied the Commissioner's motion, granted Plaintiff's motion, and remanded to the SSA for further consideration. (*See* M&O, Dkt. 17.)

## II. Attorneys' Fees

On September 9, 2020, counsel for the parties stipulated that the Commissioner would pay Plaintiff $6,100 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Dkt. 21.) The Court So Ordered the stipulation. (*See* 9/10/2020 Docket Order.)

On December 14, 2020, the SSA, reviewing Plaintiff's case on remand, issued a Notice of Award informing Plaintiff that he was entitled to DIB. (*See* Dkt. 23, at ECF 19.) The ALJ withheld $17,634 of the award to pay Plaintiff's representative, noting that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee." (*Id.*)

On December 28, 2020, Plaintiff's Counsel filed the instant motion seeking $17,634 in attorneys' fees. (*See* Dkt. 23, at ECF 4.) Counsel billed 31 hours on the case—5.1 hours and 29.1 hours billed by Kuznicki and Bowes, respectively. (*Id.* at ECF 4). The requested fee of $17,634 amounts to an effective hourly rate of $568.84.[3]

## DISCUSSION

### I. Legal Standard

Section 406(a) "governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quotations omitted). "If the claimant has a fee agreement, subsection [406](a)(2) caps fees at the

---

[3] On February 23, 2021, the SSA filed a response to Counsel's motion for attorneys' fees. (*See* Dkt. 26.)

3

lesser of 25% of past-due benefits or a set dollar amount[.]" *Id.* (citing 42 U.S.C. § 406(a)(2)(A); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (2009)).[4]

"Section 406(b) provides that a court may award a 'reasonable fee' that is 'not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Diberardino v. Comm'r of Soc. Sec.*, No. 17-CV-02868 (PKC), 2020 WL 6746828, at *3 (E.D.N.Y. Nov. 17, 2020) (quoting 42 U.S.C. § 406(b)(1)(A)). "The Court's determination of fees requested under § 406(b) 'must begin with the agreement.'"[5] *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "The district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id.* (brackets omitted) (quoting *Wells*, 907 F.2d at 371). "To determine whether a fee is 'unreasonable,' a district court should consider: (1) 'whether the contingency percentage is within the 25% cap;' (2) 'whether there has been fraud or overreaching in making the agreement;' and (3) 'whether the requested amount is so large as to be a windfall to the attorney.'" *Id.* (quoting *Wells*, 907 F.2d at 372).

"[C]ourts in this circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall:" (1) "whether the attorney's efforts were particularly successful for the plaintiff;" (2) "whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research;" and (3) "whether the case was handled efficiently due

---

[4] "Absent a fee agreement, subsection (a)(1) gives the agency authority to 'prescribe the maximum fees which may be charged for services performed in connection with any claim' before the agency. If the claimant obtains a favorable agency determination, the agency may allot 'a reasonable fee to compensate such attorney for the services performed by him [or her].'" *Culbertson*, 139 S. Ct. at 520 (quoting 42 U.S.C. § 406(a)(1)).

[5] "[I]f fee awards are made to the attorney under both the EAJA and § 406(b), the attorney must refund to the plaintiff the amount of the smaller fee award." *Diberardino*, 2020 WL 6746828, at *3.

4

to the attorney's experience in handling social security cases." *Id.* at *3 (citing *Rowell v. Astrue*, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). "Although the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

## II.    Analysis

There are no allegations of fraud or overreaching with respect to the fee agreement between Plaintiff and Counsel, so the only question is whether a fee of $17,634 would represent a windfall to Counsel. The Court finds that Counsel's request would result in a windfall and is thus unreasonable.

Although 31 hours was a reasonable amount of time to bill for this case,[6] a fee of $17,634—which amounts to an effective hourly rate of $568.84—is unreasonable here. Courts have reduced

---

[6] *See, e.g.*, *Epstein v. Comm'r of Soc. Sec.*, No. 19-CV-3624 (PKC), 2021 WL 1998745, at *3 (E.D.N.Y. May 19, 2021) ("32.6 hours is a reasonable amount of time to work on a social security case in this Court."); *Collins v. Saul*, No. 16-CV-6673 (PKC), 2020 WL 4676353, at *2 (E.D.N.Y. Aug. 11, 2020) (24.5 hours); *Tamburri v. Saul*, No. 16-CV-5784 (PKC), 2019 WL 6118005, at *1 (E.D.N.Y. Nov. 18, 2019) (29.4 hours); *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *1 (E.D.N.Y. June 26, 2019) (32.5 hours); *Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, at *1 (E.D.N.Y. May 28, 2019) (34.9 hours); *Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018) (39.5 hours); *Colon v. Berryhill*, No. 15-CV-06314 (PKC), 2018 WL 1730335, at *1 (E.D.N.Y. Apr. 9, 2018) (21.8 hours of work); *Karki v. Comm'r of Soc. Sec.*, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018) (21.1 hours).

5

awards in comparable circumstances,[7] including Social Security matters litigated by Bowes.[8] Counsel is correct that courts in this Circuit have approved fee awards under Section 406(b) that are above market rates,[9] but "the Court must use its own discretion to determine 'whether the requested amount is so large as to be a windfall to the attorney[,]'" *Diberardino*, 2020 WL 6746828, at *5 n.4 (quoting *Wells*, 907 F.2d at 372), and, here, does not find that an hourly rate of $568.84 is reasonable. While Bowes has extensive experience litigating Social Security cases both at the administrative level and in federal court and did the bulk of the work in this case, his usual hourly rate ranged from $208.83 to $211.56 during the time he billed on this case. (*See* Dkt. 23, at ECF 8, 16.) Further, the brief submitted by Counsel addressed only two legal issues (*see* Dkt. 12), and Counsel did not file a reply to the Commissioner's cross-motion for judgment on the pleadings. Given the circumstances of the representation, the Court finds that an award of $15,500—which reflects an hourly rate of $500 for a total of 31 hours—adequately compensates

---

[7] *See, e.g.*, *Sylvester v. Comm'r of Soc. Sec.*, No. 19-CV-387 (PKC), 2021 WL 3173259, at *5 (E.D.N.Y. Jul. 27, 2021) (reducing an effective hourly rate of $589.23 to $500); *Diberardino*, 2020 WL 6746828, at *5 (reducing an effective hourly rate of $642.29 to $500); *Sweda*, 2019 WL 2289221 *3 (reducing an effective hourly rate of $675 to $500); *Arroyo v. Comm'r of Soc. Sec.*, No. 14-CV-3513 (PKC), 2018 WL 2088013, at *3 (E.D.N.Y. May 4, 2018) (reducing an effective hourly rate of $710.66 to $500).

[8] *See, e.g.*, *Whittier v. Comm'r of Soc. Sec.*, No. 18-CV-4142 (PKC), 2021 WL 3667053, at *2, 5 (E.D.N.Y. Aug. 18, 2021) (reducing Bowes's requested fees of $30,000 for 31.6 hours of work to $15,800); *Tamburri*, 2019 WL 6118005, at *3 (reducing Bowes's requested fees of $29,400 for 29.4 hours of work to $14,700); *Morris*, 2019 WL 2619334, at *3 (reducing Bowes's requested fees of $30,000 for 32.5 hours of work to $16,250); *Espada v. Comm'r of Soc. Sec.*, No. 15-CV-01505 (SDA), 2020 WL 1322527, at *3 (reducing Bowes's requested fees of $25,000 for 24.9 hours of work to $12,450); *Garmendiz v. Saul*, No. 17-CV-662 (JGK), 2021 WL 847999, at *1–2 (S.D.N.Y. Mar. 5, 2021) (reducing Bowes's requested fees of $50,919 for 35.2 hours of work to $17,600).

[9] *See, e.g.*, *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3–4 (S.D.N.Y. May 15, 2019) (approving a request of $23,969.88 for 22.2 hours of work, or an hourly rate of $1,079.72); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving a request of $37,993.25 for 37.7 hours of work, or an hourly rate of $1,007.78).

Counsel for the time spent on this case, the risks accepted in representing Plaintiff on a contingency basis, and the successful result obtained for Plaintiff.

## CONCLUSION

Plaintiff's motion for attorneys' fees under Section 406(b) is granted in part, and Counsel is awarded $15,500 in attorneys' fees, to be paid to David Kuznicki, the attorney who entered into a fee agreement with Plaintiff. On receipt of this award from the government, Counsel shall promptly refund Plaintiff $6,100, which represents the EAJA fees already received by Counsel.[10] The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 29, 2021
       Brooklyn, New York

---

[10] As explained, "if fee awards are made to the attorney under both the EAJA and § 406(b), the attorney must refund to the plaintiff the amount of the smaller fee award." *Diberardino*, 2020 WL 6746828, at *3. As the SSA points out in its response to Counsel's motion for attorney's fees (*see* Dkt. 26, at 2 n.2), Counsel requests that the Court subtract the $6,100 and award Counsel the remainder (*see* Dkt. 23, at ECF 9). The Court declines this request because "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796.